INHABITANTS OF LISBON *vs.* INHABITANTS OF WINTHROP.

Androscoggin.    Opinion January 12, 1900.

*Pauper.    Notice.    Evidence.*

The plaintiff sued for pauper supplies furnished one Hall and his family.  It was then allowed to amend its writ by adding a new count for supplies furnished Hall alone and recovered a verdict.  *Held;* that it was not error to admit evidence of supplies furnished both, although the jury should render a verdict for supplies furnished Hall alone.  *Also;* that the notice to the overseers of defendant town is sufficient for supplies furnished Hall alone, and the verdict cannot be said to include more.

On motion for a new trial, *held;* that the evidence as to the pauper settlement of Hall cannot be said to so clearly weigh in favor of the defendant town as to overcome the verdict.  The evidence does not show the verdict is clearly wrong.

ON MOTION AND EXCEPTIONS BY DEFENDANT.

This was an action of assumpsit, to recover for pauper supplies furnished to one Joseph W. Hall.  The plaintiff town claimed to recover by reason of having fulfilled all the necessary requirements of the statutes; and to support its claim offered testimony tending to show that it had furnished Joseph W. Hall and family, consisting of himself, wife and nine children, (the wife and children, nor their names appearing in the notice,) house rent, milk and groceries, to the amount of $236.13, to which the defendant seasonably objected.  The court overruled the objections and admitted the evidence.

To the rulings of the court the defendants excepted.

Verdict for plaintiff for $38.50.

Plea, general issue with brief statement as follows, to wit:

That they have never received any such notice touching the persons, alleged in the plaintiffs' writ to be paupers, as required by c. 24, § 37, of the R. S., and they specifically deny that any such notice was ever sent.

*H. W. Oakes*, for plaintiff.

*G. C. Wing*, for defendant.

When the plaintiffs began their suit, it was to recover compensation for articles and supplies furnished to Joseph W. Hall, his wife and his nine minor children, with the allegation in the writ that the overseers of the poor of the plaintiff town had sent a written notice as required by law, stating the facts respecting said paupers, and requesting their removal, etc.

The defendants pleaded the general issue, and denied notice; whereupon, in the exercise of its discretion, the court allowed the plaintiffs to amend their writ, and to declare that the articles were for the necessary relief of Joseph W. Hall, and the plaintiffs were permitted to go to trial on that theory. Objection was seasonably made and exception taken to the admissibility of evidence as to supplies which it was conceded were used for the entire eleven members of Hall's family.

To state the proposition more accurately, on a notice to the defendant town that a certain man had fallen into distress, the court allowed proof as to a gross amount of supplies that were furnished him and ten others, leaving the jury to calculate and estimate, or rather to guess the amount which Joseph W. Hall had out of that list of supplies. We submit that the amendment does not change the law applicable to the case, and defendants had a right under the law to have accurate information as to whom supplies were being furnished at their expense; that the acts of the plaintiffs rendered it impossible for them to show the amount of supplies furnished for which recovery could be had under the notice. *Carver* v. *Taunton*, 152 Mass. 484; *Bangor* v. *Deer Isle*, 1 Maine, 329.

SITTING: PETERS, C. J., HASKELL, WISWELL, STROUT, FOGLER, JJ.

HASKELL, J. Lisbon brings this action against Winthrop to recover for pauper supplies furnished one Hall, his wife and nine children, who had fallen into distress in Lisbon and who had their pauper settlement in Winthrop.

The plaintiff amended its writ by adding a new count for the same pauper supplies but furnished to Hall alone. The plaintiff recovered a verdict of $38.50.

Defendant has exception to the admission of evidence tending to show the whole amount of supplies furnished Hall and his family. No reason appears why the evidence was not admissible under the pleadings. It was certainly admissible under the counts for supplies furnished both Hall and the family, even if the whole evidence, when in, only authorized a verdict upon the last count for supplies furnished Hall alone. The exceptions must be overruled.

Defendant moves to set the verdict aside as against law and evidence, but the motion is without merit. The notice to the overseers of Winthrop, a necessary prerequisite to charge that town, seems amply sufficient for the supplies furnished Hall, and the verdict cannot be said to include more. Proper instructions to the jury upon the question must be presumed. The notice called for a much larger amount of supplies furnished than the jury allowed, but that does not work error. The evidence failed to warrant a recovery of the whole claim. Nor does it matter that the evidence was in proof of supplies furnished both Hall and his family, since the jury might estimate what part thereof might properly apply to the relief of Hall alone.

The evidence, as to the pauper settlement of Hall, cannot be said to so clearly weigh in favor of the contention of Winthrop as to overcome the verdict. It does not show the verdict to be clearly wrong.

*Motion and exceptions overruled.*